UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RACHEL COSTA,

    Plaintiff,

v.                                                                          CASE NO.:

THE ARC JACKSONVILLE, INC., A Florida
Not for Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, RACHEL COSTA ("Ms. Costa" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Clay County, Florida.

4. Plaintiff worked for Defendant in Duval County, Florida, and the venue, therefore, for this case is the Jacksonville Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Costa worked for Defendant as a Project Manager, from April 2016, until her termination on November 13, 2017.

8. Ms. Costa worked without issue until she revealed her pregnancy to management and requested FMLA pregnancy leave protection.

9. In September 2017, Ms. Costa revealed her pregnancy and intend to take medical leave to Defendant's management.

10. Almost immediately after sending this email, Ms. Costa received multiple forms of threatening communication from Defendant's management regarding their disfavor, and opposition to, her planned pregnancy leave.

11. For example, Defendant's management informed Ms. Costa that Board Member, Bernadette Moran, immediately complained to Supervisor, Jim Whittaker, regarding Ms. Costa's upcoming pregnancy leave, in hopes to have her leave request denied.

12. In response to this stern, and unlawful, reaction from Defendant management, Ms. Costa took care to prevent any further adverse action to her employment caused by her pregnancy, and/or her pregnancy leave.

13. She therefore contacted her Direct Manager for her grant, Crystal Makowski, on September 25, 2017, to request any and all necessary FMLA documentation to protect her leave.

14. Surprisingly, although Ms. Costa was provided with documentation from Defendant's HR employee, Betty Smith, Ms. Makowski and Ms. Smith both ignored her follow up requests for assistance with same and also stonewalled her attempts to contact them for assistance by phone.

15. Under the FMLA, Ms. Costa's pregnancy/pregnancy leave request triggered Defendant's legal obligation to provide Ms. Costa with immediate assistance and guidance regarding her FMLA rights.

16. Instead of receiving same, Ms. Costa received only threats and harassment.

17. These actions constitute actionable interference and retaliation under the FMLA, and were an obvious attempt to discourage her from actually receiving her FMLA approval. *See Patterson v. Browning's Pharm. & Healthcare, Inc.,* 961 So. 2d 982, 986 (Fla. 5th DCA 2007).

18. Having received no direction from Defendant's HR Department, Ms. Costa then reached out to other members of the Defendant's management team to request further assistance with the FMLA process.

19. These officials provided no further assistance either.

20. Instead, after receiving her requests, Defendant's management directed Vice-President, and Board Member, Debbie Johnson, to orchestrate an *ad hoc* interview/evaluation of Ms. Costa's job performance and grant project progress.

21. Up to that point, only Ms. Makowski had overseen Ms. Costa's progress reporting.

22. Ms. Johnson's unannounced substitution and evaluation of Ms. Costa, and her unprecedented request to be "familiarized" with Ms. Costa's progress, justifiably concerned Ms. Costa, given the company's negative response to her recent request for FMLA leave.

23. Ms. Costa therefore advised Ms. Johnson of same and informed her that procuring up-to-date information would require her to take time away from other duties and her preparation for leave.

24. In response, Ms. Johnson instructed Ms. Costa to reschedule all other work activities and any plans for leave, until she satisfactorily provided Ms. Johnson with the requested information.

25. To Ms. Costa, this response indicated, very clearly, that the company was diligently preparing for Ms. Costa's permanent departure.

26. Ms. Johnson confirmed these fears by continually questioning Ms. Costa about her ability to continue working for Defendant after her return from leave, as a mother with a newborn baby.

27. Further, as Ms. Costa's due date approached, and she became more visibly pregnant, Ms. Costa began to sense the last vestiges of the company's good will towards her dissipating, as the harassment/interrogation about her pregnancy/leave continued and even worsened in intensity.

28. She therefore tracked down Ms. Makowski in person, and again, reminded Ms. Makowski about her plans to take FMLA leave starting on November 30, 2017, and the company's legal obligation to protect her job during same.

29. Additionally, she again requested Defendant provide her with assistance with the FMLA process, and she objected to HR's failure to do so up to that point.

30. Shockingly, on the very next day of work after this meeting, Monday, November 13, 2017, Mr. Whitaker emailed Ms. Costa with the news that Defendant had terminated her employment.

31. This termination email came with no prior warning, and no cause or reason as an explanation for her termination.

32. Despite this lack of explanation, and based on its prior conduct, Defendant's management's termination of Ms. Costa stemmed from its discriminatory animus toward her pregnancy and her application for FMLA leave.

33. The timing of her termination, just days after her final request for FMLA/pregnancy leave documentation, (and just two (2) weeks before her planned FMLA leave), combined with the comments/interrogations related to her pregnancy, makes the causal connection between her pregnancy/FMLA requests and this final adverse action sufficiently clear.

34. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

35. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for attempting to utilize what she believed to be proper and authorized FMLA leave.

36. Defendant acted with intent to terminate Plaintiff when she should have been, and was, FMLA covered.

37. Defendant fired Plaintiff because of her need for FMLA protected time away from work.

38. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempt to use FMLA.

39. Defendant did not have a good faith basis for its actions.

## **UNLAWFUL INTERFERENCE & RETALIATION UNDER THE FMLA**

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39, above.

41. At all times relevant hereto, Plaintiff was protected by the FMLA.

42. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights, and firing her for her attempted use of what should have been, FMLA protected leave.

43. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

44. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

45. As a result of Defendant's intentional, willful and unlawful acts by interfering with, and retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

46. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 17th day of April 2019.

                                                                  Respectfully Submitted,

                                                                   ***/s Noah E. Storch***
                                                                   Noah E. Storch, Esq.
                                                                   Florida Bar No. 0085476
                                                                   Robert D. Pecchio, Esq.
                                                                   Florida Bar No. 1005955
                                                                   RICHARD CELLER LEGAL, P.A.
                                                                   10368 W. SR. 84, Suite 103
                                                                   Davie, Florida 33324
                                                                   Telephone:  (866) 344-9243
                                                                   Facsimile:   (954) 337-2771
                                                                   E-mail: noah@floridaovertimelawyer.com

                                                                  *Attorneys for Plaintiff*