# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

RACHEL COSTA,

    Plaintiff,

vs.                                Case No. 3:19-cv-437-J-34PDB

THE ARC JACKSONVILLE, INC.,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action on April 17, 2019, by filing a one-count Complaint and Demand for Jury Trial (Doc. 1; Complaint) under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq. See generally Complaint. Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." In Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. See Weiland, 792 F.3d at 1321-23. As relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322-23 n.13 (collecting cases). Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." See Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule

10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (internal footnote omitted)).

Here, the Complaint includes one count, titled "Unlawful Interference & Retaliation Under the FMLA," which includes two separate causes of action, one premised on interference and the other on retaliation. See Complaint ¶¶ 40-46. Accordingly, the Court will strike the Complaint and direct Plaintiff to file an amended complaint that sets forth each of her claims for relief in a separate count. See Anderson, 77 F.3d at 367 n.5 (noting that when faced with a shotgun pleading the district court should sua sponte strike the pleading and direct the plaintiff to file a more definite statement). Specifically, Plaintiff must set forth each claim in a separate count and identify the specific factual allegations on which each claim is based.[1] Accordingly, it is **ORDERED**:

1. The Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **May 14, 2019**. Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on April 26, 2019.

MARCIA MORALES HOWARD
United States District Judge

---

[1] In repleading, Plaintiff is cautioned to avoid the other forms of shotgun pleading identified in Weiland as well, most notably, the shotgun complaint with multiple counts "where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321 & n.11.

lc11
Copies to:

Counsel of Record
Pro Se Parties